Plaintiff petitioned for a rehearing. A reargument *Page 647 
was ordered. The questions discussed and decided in the former opinion were argued at length and have been carefully reconsidered by this court.
It is first contended that the following statement of facts in the former opinion is incorrect; viz.: "On May 23rd, 1923, the bureau made an order refusing to reopen the matter." And it is asserted that the Workmen's Compensation Bureau did reopen the case, and after having reopened it denied plaintiff any compensation. We have again examined the record and find the facts to be as stated in the former opinion. The record shows that Crandall, on April 12, 1923, filed an application for review of his claim. After this application was received the bureau arranged to have him examined by certain physicians. At a meeting of the Workmen's Compensation Bureau held May 23d 1923, the bureau duly provided for the payment of the expenses of the physicians who had examined the plaintiff, Crandall, and also allowed Crandall the traveling expenses he had incurred incidental to such examination. The record, also, shows that at the same meeting the following proceedings were had before the Bureau: "Moved by Mr. Elliot and seconded by Mr. McDonald that the application of Sam Crandall for a review of his claim Number 3453 be denied, and that the claim be not reopened." On the day following, to wit, May 24th, 1923, a notice was sent by the Workmen's Compensation Bureau to the attorney for the plaintiff, Crandall, wherein it was stated: "We have completed the investigation of the Crandall matter and the evidence before us is of such nature that we cannot reopen the case."
We have again carefully considered the legal questions determined in the former opinion, and further reflection has brought no change in our views. We are fully convinced that the legislature, by the express terms of the Workmen's Compensation Act, evidenced an intention to entrust to the bureau, and not to the courts, the determination of the questions which it is sought to have reviewed and determined in this case.
It is contended by the plaintiff, however, that if the Workmen's Compensation Act precludes judicial review to the plaintiff in this case, that then the act is unconstitutional, in this, that it denies the plaintiff the right to resort to the courts for judicial relief, in violation of § 22 of the state Constitution; and deprives the plaintiff of his property without *Page 648 
due process of law in violation of the 14th Amendment to the Federal Constitution, and the counterpart thereof in the state Constitution. The constitutional questions thus urged cannot avail the plaintiff here for two controlling reasons: (1) The constitutional question was not raised in the court below and under well-settled rules cannot be raised for the first time in this court. (2) Plaintiff's claim here arises by virtue of the Workmen's Compensation Act alone. There is no contention that the plaintiff would have had any cause of action against his employer if the Workmen's Compensation Act had not been in existence. Plaintiff's injuries were sustained by reason of his slipping on an icy sidewalk. If plaintiff had any cause of action against anyone on account of the condition of the sidewalk where he slipped, that cause of action remains wholly unaffected by the Workmen's Compensation Act. In other words, the plaintiff, under the undisputed facts here, is entitled to recover compensation, if at all, solely because the Workmen's Compensation Act entitles him to recover such compensation. Obviously, the plaintiff cannot assert a right to recover compensation based solely upon the statute, and at the same time to refuse to abide by, and deny the validity of, the provisions of the statute governing the award of such compensation. 12 C.J. 770 et seq. See also State ex rel. Brontrager v. Mundy, ante, 249, 205 N.W. 684.
We adhere to the former opinion. The judgment appealed from is reversed and the cause is remanded with directions to dismiss the action.
BIRDZELL, BURKE, NUESSLE, and JOHNSON, JJ., concur. *Page 649